IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| **BERNARD VON NOTHAUS** individually and d/b/a **LIBERTY DOLLAR** | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:07–cv-038-RLY-WGH |
| **HENRY M. PAULSON, JR,** Secretary of the Treasury, | § § § § | |
| **EDMOND C. MOY,** Director, United States Mint, | § § § § § | |
| Defendants. | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW Plaintiff BERNARD VON NOTHAUS, individually and d/b/a LIBERTY DOLLAR (hereafter "Plaintiff" "or "von NotHaus"), complaining of Defendants HENRY M. PAULSON, JR, Secretary of the Treasury and EDMOND C. MOY, Director, United States Mint (collectively "Defendants"), and filing the following First Amended Complaint:

**I.
PARTIES**

1.Plaintiff Bernard von NotHaus d/b/a Liberty Dollar is a natural person who has a residence in Vanderburgh County at 225 North Stockwell Road, Evansville, Indiana. 47715.

2.Defendant Henry M. Paulson, Jr is the Secretary of the Treasury of the United States, with offices at 1500 Pennsylvania Avenue, N.W., Washington, DC 20220. Defendant Paulson is sued *sub nominee* in his official capacity as Secretary of the Treasury.

3. Defendant Edmond C. Moy is the Director of the United States Mint, with offices at 801 19th Street, N.W., Washington, D.C. 20220. Defendant Moy is sued *sub nominee* in his official capacity as Director of the United States Mint.

## II.

## JURISDICTION

4. Jurisdiction is proper in this Court because the action is brought pursuant to 28 U.S.C. § 2201, Rule 57, Fed. R. Civ. P., 28 U.S.C.§ 1331 and 5 U.S.C. § 702.

5. Plaintiff von NotHaus has standing to bring this action as he is directly affected and threatened by the adverse actions of the Defendants and the immediate prospect of adverse actions by the Defendants, as further set forth in Section IV - Factual Background of this Complaint.

## III.

## VENUE

6. Venue lies in the Southern District of Indiana, Evansville Division, because the Plaintiff maintains a business office and presence in the District and all of the Defendants likewise maintain a presence and do business in this judicial District.

## IV.

## FACTUAL BACKGROUND

7. Plaintiff von NotHaus has supervised the production and distribution of the Liberty Dollar for over eight (8) years through NORFED, Inc., a corporation that is now dissolved. Mr. von NotHaus is the originator of the Liberty Dollar, a private voluntary barter currency and holds all rights to its production and distribution.

8. The Liberty Dollar is a "private voluntary barter" currency, which is not and has not been represented as "legal tender", "coin" or "current money" in these United States. At issue in this case are the gold and silver "medallions" (as they were referred to by the United States Mint ["US Mint"]), also known as "Gold Libertys" and "Silver Libertys", produced by von NotHaus under the Liberty Dollar name.

9. In 2006, the US Mint posted a warning regarding the Liberty Dollar on its website (http://www.usmint.gov/consumer/index.cfm?action=hotitems) under the designation "Consumer Awareness – Hot Items". The warning, which is produced in its entirety as Exhibit 1 to this Complaint, states, *inter alia*, that :

> The United States Mint and the United States Department of Justice have received inquiries regarding the legality of these so-called "Liberty Dollar" medallions. The United States Mint urges consumers who are considering the purchase or use of these items to be aware that they are not genuine United States Mint bullion coins and they are not legal tender. These medallions are privately produced products and are not backed by, nor affiliated in any way with, the United States Government. <u>Moreover, prosecutors with the Department of Justice have determined that the use of these gold and silver NORFED "Liberty Dollar" medallions as circulating money is a Federal crime.</u> [Emphasis Supplied]
> \*     \*     \*
>
> Therefore, NORFED's "Liberty Dollar" medallions are specifically intended to be used as current money in order to limit reliance on, and to compete with the circulating coinage of the United States. Consequently, prosecutors with the United States Department of Justice have concluded that the use of NORFED's "Liberty Dollar" medallions violates 18 U.S.C. § 486.

10. In addition, the Chief Counsel of the US Mint sent a letter dated September 19, 2006 to various individuals and entities, including the Plaintiff, acquired from the Liberty Dollar website, which states, *inter alia*, that

"…you [the addressee]…may be engaged in the distribution, passing or uttering of "Liberty Dollar" coins. The purpose of this letter is to advise you that prosecutors with

the Department of Justice have determined that such activities are a crime, in violation of 18 U.S.C. §486".

A copy of one of the letters sent by the US Mint is attached as Exhibit II. Upon information and belief, approximately 60 such letters were sent to individuals and entities who were involved with Liberty Dollar. The US Mint has no known statutory or other authority to declare a person in violation of a Federal criminal statute and is therefore acting ultra *vires* and outside its jurisdictional limits.

11. The basis for the claims of the US Mint is that the circulation of the Liberty Dollar is in violation of 18 U.S.C. § 486, which provides that:

> **§ 486. Uttering coins of gold, silver or other metal**
>
> Whoever, except as authorized by law, makes or utters or passes, or attempts to utter or pass, any coins of gold or silver or other metal, or alloys of metals, <u>intended for use as current money</u>, whether in the resemblance of coins of the United States or of foreign countries, or of original design, shall be fined under this title or imprisoned not more than five years, or both.
>
> (June 25, 1948, ch. 645, 62 Stat. 709; Pub. L. 103-322, title XXXIII, Sec. 330016(1)(I), Sept. 13, 1994, 108 Stat. 2147.)  [Emphasis Supplied]

12. Plaintiff von NotHaus and, to the best of his knowledge and belief, individuals bartering the Liberty Dollar, have not represented the Liberty Dollar as "coin", "legal tender" or "current money". Liberty Dollar has encouraged persons who utilize the barter currency to offer it to merchants as barter payment for goods and services but not as "coin", "legal tender" or "current money". Furthermore, the Liberty Dollar does not resemble "coins of the United States or of foreign countries."  Thus, the use of a gold or silver Liberty "medallion" as a "private voluntary barter currency" does not violate 18 U.S.C. § 486.

13. The announcement of the US Mint on its website and its subsequent letters to the Plaintiff and others constitutes an agency action that is reviewable by this Court under 5 U.S.C. §

702. The US Mint, through its counsel, acted beyond the scope of its statutory authority in declaring that the "the use of these 'gold and silver NORFED "Liberty Dollar" medallions as circulating money is a Federal crime'. Moreover, the agency action in question was *ad hoc* and, to the best of Plaintiff's knowledge, unprecedented. Therefore no administrative review is available to the Plaintiff and the pronouncement should be treated as a final agency action reviewable under 5 U.S.C. § 702 .

14. The pronouncement of the US Mint constitutes an *ultra vires* act of the agency and as such deprives Plaintiff of due process under the Fourteenth Amendment of the U.S. Constitution.

15. As a direct and proximate result of the posting of the warning on the US Mint website, substantial numbers of persons who had acquired Liberty Dollars and other persons who had expressed interest in owning Liberty Dollars have not ordered additional Liberty Dollars. The resulting "chilling effect" of the US Mint's website warning and the letter of US Mint's Chief Counsel on the marketplace has caused substantial economic damage to the Plaintiff and others who use the Liberty Dollar as a "private voluntary barter currency". Plaintiff's revenues from the Liberty Dollar in 2007 have been substantially less than the previous year. The damages incurred were caused directly by the US Mint's website admonition and subsequent letter stating that the use of the Liberty Dollars "as circulating currency is a Federal crime".

16. As a direct consequence of the US Mint's admonitions, the Plaintiff, and to the best of his knowledge and belief, other users of Liberty Dollars fear imminent criminal prosecution by the Justice Department if they continue the use of Liberty Dollars. Thus,

Plaintiff and others similarly situated, have a substantial controversy with the US Mint in which the parties have adverse legal interests of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment" by this Court.

### V.

### CAUSES OF ACTION

#### A.
#### Declaratory Judgment

17. Plaintiff von NotHaus requests that the Court

a. declare that the action of the US Mint in declaring the use of the gold and silver Liberty Dollar is a Federal crime is *ultra vires* and the US Mint has no authority to make such a declaration;

b. declare that the U.S. Mint has no authority to publicly disclose that the manufacture and distribution of the Liberty Dollar medallions by the Plaintiff and other persons who receive the medallions is in violation of 18 U.S.C.§ 486; and

c. declare that the *ultra vires* actions of the US Mint in question violated the Fourteenth Amendments rights of the Plaintiff and are therefore void and of no effect.

**B.**
**Request for Permanent Injunction**

18. Pursuant to Rule 65, Fed R. Civ P., without limitation, Plaintiff von NotHaus requests that the Court order the US Mint to remove or retract the warning regarding Liberty Dollar (Plaintiff's Exhibit 1) from its website and to cease from engaging in any further publication of statements which conclude or imply that the use of the Liberty Dollar is a Federal crime. Plaintiff von NotHaus further requests that the Court enter an injunction barring the US Mint from publicly or privately declaring that the Liberty Dollar is an illegal currency.

## VI.

### RESERVATION OF ADDITIONAL CAUSES OF ACTION

19. Plaintiff hereby expressly reserves the right to amend this Plaintiff's First Amended Complaint, without limitation, to plead any additional facts and/or cause of action which may be justified by the discovery in this case or by any other matter or development.

## VII

### EXPEDITED TREATMENT

20. In accordance with Rule 57, Fed. R. Civ. P., Plaintiff respectfully requests this Court to order a speedy hearing on this matter and advance this action on the Court's calendar.

## VIII.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court summon Defendants to appear and answer, and that on final hearing before this Honorable Court Plaintiff

have judgment from this Court from and against Defendants for the following:

(a) declaratory relief as more particularly described in Section V above;

(b) injunctive relief as more particularly described in Section V above;

(c) Plaintiff's reasonable attorneys fees;

(e) Plaintiff's costs of suit;

(f) any and all such other relief, whether in equity or at law, to which Plaintiff may be entitled.

All of the above relief in subparagraphs (a) through (f) of this Section VII, Prayer, is sought pursuant to any and all applicable laws and statutes and equitable doctrines.

    /s/ James D. Johnson, Esq.
James D. Johnson, Esq.
Attorney Number 11984-49
**RUDOLPH, FINE, PORTER & JOHNSON, L.L.P.**
221 N. W. Fifth Street, Second Floor, P. O. Box 1507
Evansville, Indiana 47708
Telephone:(812) 422-9444
Facsimile: (812) 421-7459
E-Mail:   jdj@rfpj.com

*Of Counsel*

James E. Burk, Esq.
DC Bar No: 187963
**BURK & REEDY, LLP**
1818 N Street, NW, Ste. 400
Washington, DC  20036
Tel:   (202) 204.5000
Fax:   (202)  318.7151
EM: jburk@burkreedy.com

Attorneys for Plaintiff.

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of September, 2007, a copy of the forgoing **Plaintiff's First Amended Complaint** was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system:

Debra G. Richards, Esq.
Assistant United States Attorney
Office of the United States Attorney for the Southern District of Indiana
Debra.richards@usdoj.gov

James E. Burk, Esq.
jburk@burkreedy.com


                                              */s/ James D. Johnson, Esq.*
                                                 James D. Johnson